UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>AMERICAN INTERNATIONAL SPECIALTY<br>LINES INSURANCE COMPANY, et al.,<br><br>　　　　Respondents. | Case No.: 5:13-cv-05846-PSG<br><br>**ORDER STAYING CASE**<br><br>**(Re: Docket Nos. 21, 40 and 43)** |

Two years ago, the parties in this case struck a deal to stay a New York state court case challenging an interim arbitration award until thirty days after a final award issued. The final arbitration award issued late last year. Less than one week after the final award issued, but before the deadline for lifting the stay in the state court case had passed, Yahoo! filed a petition in this California federal court to confirm the final arbitration award. While *Colorado River* and its Ninth Circuit progeny are pertinent to this court's evaluation of jurisdiction, the predicate question is whether Yahoo! should be bound by a stipulation in the New York case into which it freely entered.[1]

---

[1] *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011)
　　To decide whether a particular case presents the exceptional circumstances that warrant a Colorado River stay or dismissal, the district court must carefully consider "both the

1

Case No.: 5:13-cv-05846-PSG
ORDER STAYING CASE

As explained below, under both the plain language of the stipulation and *Colorado River*, the appropriate course is to stay this case in deference to the case in New York.

## I. BACKGROUND[2]

This case concerns Yahoo!'s claim for reimbursement of defense fees from four class action cases filed against it in 2005 and 2006 involving its Sponsored Search Pay-Per-Click ("PPC") advertising program. The class actions were based on the same causes of action, were brought by the same plaintiff classes and involved the same contracts to provide PPC advertising services.[3] They were filed in several jurisdictions across the country but were subsequently consolidated in the United States District Court for the Central District of California.[4] On April 17, 2009, Yahoo initiated arbitration in New York City against American International Specialty Lines Insurance Company ("AISLIC"), National Union Fire Insurance Co. ("NUFIC"), Illinois Union Insurance Company and Columbia Casualty Company seeking insurance coverage for the defense

---

obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 818 (1976). Drawing from *Colorado River*, *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) and subsequent Ninth Circuit cases, we have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002) (footnotes omitted).

[2] Respondents request the court take judicial notice of the stipulation and docket of the New York state case. The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Yahoo! has not objected to the request for judicial notice. The authenticity of the court documents is not in dispute and may be verified by resort to the public record. Respondents' request for judicial notice is GRANTED.

[3] *See* Docket No. 1-2, Ex. B at 6 (alleging that "Yahoo! overcharged pay-per-click ("PPC") advertisers by collecting revenues generated by improper or fraudulent" clicks and "permitted class members' PPC advertisements to be placed on low-quality and hannful websites, including spyware infected websites, typosquatting websites, and parking and bulk registration" websites).

[4] *See id.*

2
Case No.: 5:13-cv-05846-PSG
ORDER STAYING CASE

and settlement of the consolidated case.[5] On January 13, 2010, Yahoo and the four insurance companies entered into an arbitration agreement designating a panel of arbitrators.[6] The agreement provided arbitration "shall be conducted at a site to be determined in New York, New York."[7]

"The Panel issued an Interim Award on November 3, 2011."[8] On February 2, 2012, in order to preserve their right to vacate the interim award, AISLIC and NUFIC filed a petition in New York state court. On February 7, 2012, Respondents, Yahoo! and the remaining insurers entered a stipulation, granted by the New York state court, providing that the New York state case be "be stayed until thirty (30) days after the Panel issues a Final Award, by which time" the Respondents in this case "shall advise the undersigned parties in writing whether they intend to withdraw, modify, amend, or supplement" their original motion.[9]

On December 13, 2013, the panel issued its final award, which ordered AISLIC to pay $4,271,762.04 to Yahoo.[10] Five days later, on December 18, 2013, Yahoo filed a petition in this court to confirm the final award.[11] On January 9, 2014, less than thirty days after the final award, AISLIC and NUFIC gave notice of their intent to amend their original motion. On January 23, 2014, Respondents filed an amended petition to vacate the arbitration award in the New York state proceeding.

---

[5] *See id.* at 3 ("Yahoo! initiated this arbitration by filing with JAMS a 'Demand for Arbitration Before JAMS' dated April 17, 2009 and serving that demand upon Respondents.").

[6] *See id.* (The "parties entered into an 'Arbitration Agreement' dated January 13, 2010, designating the members of the arbitral panel and setting forth various agreed-upon procedures and protocols to govern the conduct of the arbitration.").

[7] *See* Docket No. 1-1, Ex. A at ¶ 13 ("The Arbitration shall be conducted at a site to be determined in New York, New York.").

[8] Docket No. No. 1-2, Ex. B at 4.

[9] Docket No. 21-4, Ex. A at 4.

[10] *See* Docket No. 1-2, Ex. B at 4 ("The Panel now issues this Final Award, which orders that AISLIC pay Yahoo! the amount of $4,271,762.04 as reimbursement for Yahoo!'s defense cost expenditures.").

[11] *See* Docket No. 1.

## II. DISCUSSION

Respondents urge that the language of the stipulation requires this case be stayed or dismissed. According to Respondents, all parties, along with the New York state court, understood that the court would later permit the case to proceed once the final award issued. The stipulation provided that in light of future proceedings in the arbitration, the state court action would be stayed.[12] The stipulation further provided that "this action be stayed until thirty (30) days after the Panel issues a Final Award, by which time Petitioners shall advise the undersigned parties in writing whether they intend to withdraw, modify, amend, or supplement" their original motion.[13] The petition to vacate could proceed following the issuance of the final award.[14]

The court agrees with Respondents that, in this posture, the California case should not proceed. In the New York case, the parties reached an agreement granting Respondents the option to "withdraw, modify, amend, or supplement" their original motion once the final award issued from the panel.[15] The parties thus linked the dispute over the initial award to a dispute over the final award. One door that did not remain open was for Yahoo! to initiate another proceeding in another court. Perhaps the agreement could have been more artfully drafted to make explicit the

---

[12] *See* Docket No. 21-4, Ex. A at 4

> WHEREAS, on November 23, 2011, Petitioners moved before the Panel to clarify and modify the lnterim Award; the Panel has not yet ruled on the motion or issued a Final Award; and the parties are all in agreement that this action be stayed and remain under seal until the Panel has ruled on the motion to clarify and modify the Interim Award and issued a Final Award;
>
> IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for all the parties to the above-entitled action, that this action be stayed until thirty (30) days after the Panel issues a Final Award, by which time Petitioners shall advise the undersigned parties in writing whether they intend to withdraw, modify, amend, or supplement their original motion based on the February 1, 2012 Petition brought by Order to Show Cause.

[13] *Id.*

[14] The substance of Respondents' petition to vacate the arbitration award has in fact remained constant. Respondents continue to allege the panel (1) misapplied California law and (2) denied their right to present affirmative defenses and counterclaims.

[15] *Id.*

4

Case No.: 5:13-cv-05846-PSG
ORDER STAYING CASE

dispute under all circumstances would remain in the New York state court. But by staying, and not withdrawing, the initial petition and giving all options in proceeding exclusively to Respondents, the only fair read of that agreement compels this court to respect the sovereignty of the New York state court.[16]

Even if reference to *Colorado River* was necessary, the court would arrive at the same conclusion. These facts fall squarely within the limited purview of the *Colorado River* line of cases. The petition filed in this court comes two years after a petition filed in the New York state court over the disputed arbitration award. The parties concede the New York state case remains live and is subject to active, duplicative motion practice. This court remains wary of the tension any issued order may generate and is eager to avoid conflicting court decisions.[17] "Here, there is no question that the state court has authority to address the rights and remedies at issue" and the parties "concede that the state court can adequately resolve the parties' claims."[18] Even if the state is California, state "law provides the rules of decision" for the parties' claims in this case.[19] Finally, the Ninth Circuit has "affirmed a *Colorado River* stay or dismissal when it was readily apparent that the federal plaintiff was engaged in forum shopping."[20] On balance, a stay is favored.

---

[16] Although Yahoo! has suggested Respondents withdrew their petition in New York, in fact the petition remained pending pursuant to a stay. *Compare* Docket No. 21-4, Ex. A at 4 ("this action be *stayed* until thirty (30) days after the Panel issues a Final Award, by which time Petitioners shall advise the undersigned parties in writing whether they intend to withdraw, modify, amend, or supplement their original motion"), *with* Docket No. 25 at 1 ("their previously withdrawn petition filed in New York state court").

[17] Piecemeal litigation is a reality in this case no matter what – duplicative petitions have already been filed in both cases. *See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.").

[18] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d at 981.

[19] *Id.* at 980.

[20] *Id.* at 981.

5
Case No.: 5:13-cv-05846-PSG
ORDER STAYING CASE

This case shall be stayed subject to complete resolution of the New York action.[21] The parties shall lodge one page status reports with the court every ninety days to keep this court appraised of the New York state proceeding. With that action resolved, the court will lift the stay and address any live disputes between the parties.[22]

**IT IS SO ORDERED.**

Dated: March 31, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[21] To "the extent that the state court may, for some unexpected reason, provide an inadequate forum for resolution of the issues between the parties, the Court stays this action rather than dismissing it." *Dunn v. Noe*, Case No. 3:07-cv-3559-JCS, 2007 WL 3343127, at *10 (N.D. Cal. Nov. 7, 2007) (citing *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir. 1989) (holding that by "using a stay, a district court invoking *Colorado River* will not need to make premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal.")).

[22] The parties' pending motions to vacate and confirm the arbitration award are DENIED without prejudice to being re-filed once the stay in this case is lifted. *See* Docket Nos. 40 and 43.